IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Criminal Action No. 1:24-cr-00212-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**(1) JOSHUA LYBOLT**; and
**(2) MAGDALENA LYBOLT**,

    Defendants.

## ORDER GRANTING MOTIONS TO CONTINUE

The defendants move to continue the trial date in this case by sixty days, and to exclude that period of delay when computing the time within which their trial must commence under the Speedy Trial Act. Docs. 23, 24. For the following reasons, I find that the requested continuance is warranted, and that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendants in a speedy trial. Accordingly, the defendants' motions are granted.

### PROCEDURAL HISTORY

On June 27, 2024, the defendants were indicted on multiple counts relating to wire fraud. Doc. 1. On July 11, the defendants had their initial appearances in this Court and pleaded not guilty at their arraignments, Docs. 7, 11, making September 19, 2024 the deadline for their trial to commence under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), (h)(6). On July 12, I entered an order setting trial to commence on September 9. Doc. 15. On August 1 and August 2, the defendants filed the

- 1 -

motions to continue currently before me. Docs. 23, 24. The Government does not oppose the requested continuance. Doc. 23 ¶ 7; Doc. 24 ¶ 7.

## APPLICABLE LAW

When evaluating a request to continue a trial, I consider the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the Court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the party requesting it might suffer if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *Id.* However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act requirements, I may exclude from the statutory time period within which the defendant's trial must commence "[a]ny period of delay resulting from a continuance granted . . . on the basis of [my] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In order to exclude the period resulting from such a continuance, I must set forth in the record my reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial, considering the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

The defendants request a continuance because Defendant Magdalena Lybolt needs additional time to retain counsel. Doc. 23 ¶¶ 3-6; Doc. 24 ¶¶ 1-2, 4-6. Counsel for Defendant Joshua Lybolt entered a limited appearance for Ms. Lybolt to address her initial appearance, arraignment, discovery hearing, and detention hearing, but he cannot continue to represent both her and Mr. Lybolt due to a conflict of interest. Doc. 11; Doc. 23 ¶ 4; Doc. 24 ¶ 4. Mr. Lybolt's counsel and Ms. Lybolt's forthcoming counsel also need additional time to review the significant discovery produced by the Government. Doc. 23 ¶ 6; Doc. 24 ¶ 6.

I find that the *West* factors weigh in favor of granting the requested continuance. Nothing in the record suggests that Ms. Lybolt has not been diligent in finding and retaining her own counsel, or that Mr. Lybolt's counsel has not been diligent in reviewing discovery. It also appears likely that the continuance, if granted, would accomplish the

stated purpose of allowing adequate time for Ms. Lybolt to retain counsel,[1] and for both defendants' counsel to review discovery. The Government does not oppose the requested continuance, and the continuance will not cause any significant inconvenience to the Court. Ms. Lybolt might be significantly prejudiced if the continuance is denied, as she may be unable to complete necessary pretrial tasks and effectively prepare for trial without an attorney. And both defendants might be significantly prejudiced without adequate time to review discovery.

I further find that the Speedy Trial Act factors weigh in favor of a finding that the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial. It is in Ms. Lybolt's best interest to have sufficient time to obtain counsel and for her counsel to get up to speed on the case, and in both defendants' best interest to have sufficient time to review discovery, complete necessary pretrial tasks, and have informed discussions with their counsel regarding the case. Without the requested continuance, defense counsel will be unable to effectively conduct factual and legal investigation, advise the defendants, file any appropriate pretrial motions, engage in informed plea discussions with the Government, or prepare the case for trial if necessary. A limited ends-of-justice continuance will not subvert the public's or the defendants' interests in the prompt prosecution of this case.

---

[1]   Ms. Lybolt requests that the Court appoint an attorney for her in the event she is unable to retain counsel. Doc. 24 ¶ 5. If Ms. Lybolt is unable to obtain counsel, she may file a motion for appointment of counsel along with a Criminal Justice Act financial affidavit.

## CONCLUSION

Based on the relevant record considered as a whole, I **FIND** that:

Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c)(1) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

Even taking into account the exercise of due diligence, failure to grant the requested continuance would deny counsel for the defendants the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

The ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

Sixty days should be excluded from the computation of the Speedy Trial Act time.

For the foregoing reasons,[2] it is **ORDERED** that:

Defendant Joshua Lybolt's Unopposed Motion for an Extension of Time to File Pretrial Motions, and Continue the Trial Preparation Conference and Jury Trial Start Date, **Doc. 23**, is **GRANTED**;

Defendant Magdalena Lybolt's Unopposed Motion for an Extension of Time to File Pretrial Motions, and Continue the Trial Preparation Conference and Jury Trial Start Date, **Doc. 24**, is **GRANTED**;

Sixty (60) days, from August 8, 2024 to October 7, 2024, will be excluded from the computation of the Speedy Trial Act time;

The seven-day jury trial set for September 9, 2024 is **VACATED** and **RESET** to commence at **9:00 a.m.** on **November 12, 2024** in Courtroom A1002 of the Alfred A. Arraj United States Courthouse,

---

[2] As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the Court's calendar or lack of diligent preparation by the Government's counsel.

901 19th Street, Denver, CO 80294. Counsel and pro se parties must be present at 8:30 a.m. on the first day of trial;

The Trial Preparation Conference set for September 5, 2024 is **VACATED** and **RESET** to **1:30 p.m.** on **November 5, 2024** in Courtroom A1002; and

The pretrial motions deadline is extended to **September 30, 2024**, responses to those motions must be filed no later than **October 7, 2024**, and no replies are permitted without prior leave of the Court. The deadlines for disclosing and challenging expert witnesses, filing any notice of disposition, filing and responding to motions *in limine*, filing proposed jury instructions and verdict forms, filing trial briefs, filing witness and exhibit lists, and filing proposed *voir dire* questions remain as stated in the Order Setting Trial Date and Related Deadlines, Doc. 15, and are now tied to the new trial and Trial Preparation Conference dates.

DATED: August 8, 2024                BY THE COURT:

                                                                    _____
                                                                    Daniel D. Domenico
                                                                    United States District Judge

- 6 -