IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Criminal Action No. 1:24-cr-00212-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**(1) JOSHUA LYBOLT**; and
**(2) MAGDALENA LYBOLT**,

    Defendants.

## ORDER GRANTING JOINT MOTION TO CONTINUE

    The defendants move to continue the trial date in this case by 150 days, and to exclude that period of delay when computing the time within which their trial must commence under the Speedy Trial Act. Doc. 39. For the following reasons, I find that the requested continuance is warranted, and that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendants in a speedy trial. Accordingly, the defendants' motion is granted.

### PROCEDURAL HISTORY

    On June 27, 2024, the defendants were indicted on multiple counts relating to wire fraud. Doc. 1. On July 11, the defendants had their initial appearances in this Court and pleaded not guilty at their arraignments, Docs. 7, 11, making September 19, 2024 the deadline for their trial to commence under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), (h)(6). On July 12, I entered an order setting trial to commence on September 9. Doc. 15. On August 1 and 2, the defendants moved to continue that trial date and exclude sixty days of Speedy Trial Act time. Docs. 23,

- 1 -

24. I granted those motions and reset trial to commence on November 12, 2024. Doc. 25. On September 12, 2024, the defendants filed the joint motion to continue currently before me. Doc. 39. The Government does not oppose the requested continuance. *Id.* ¶ 10.

## APPLICABLE LAW

When evaluating a request to continue a trial, I consider the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the Court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the party requesting it might suffer if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *Id.* However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act requirements, I may exclude from the statutory time period within which the defendant's trial must commence "[a]ny period of delay resulting from a continuance granted . . . on the basis of [my] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In order to exclude the period resulting from such a continuance, I must set forth in the record my reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the

public and the defendant in a speedy trial, considering the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

The defendants request a continuance because defense counsel needs additional time to (1) fully review and analyze the discovery produced by the Government, which includes investigation reports, banking and financial records, records from state and federal agencies, witness interviews, and audio recordings; (2) consult with Ms. Lybolt, who has recently experienced a health issue that affected her ability to meaningfully assist her attorney; and (3) investigate the merits of the Government's case and identify potential witnesses to interview. Doc. 39 ¶¶ 4-7.

I find that the *West* factors weigh in favor of granting the requested continuance. Nothing in the record suggests that the defense has not been diligent in reviewing discovery, gathering information, and conducting other necessary pretrial tasks. It also appears likely that the continuance, if granted, would accomplish the stated purpose of allowing adequate time for defense counsel to effectively analyze the case, conduct investigation, and meaningfully confer with their clients. The Government does not oppose the requested continuance, and the continuance will not cause any significant inconvenience to the Court. And the defendants might be significantly prejudiced if the continuance is denied, as they may be unable to effectively prepare for trial without adequate time to gather, review, and analyze information relevant to the case.

I further find that the Speedy Trial Act factors weigh in favor of a finding that the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial. It is in the defendants' best interest to have sufficient time to complete necessary pretrial tasks and have informed discussions with their counsel regarding the case. Without the requested continuance, defense counsel will be unable to effectively conduct factual and legal investigation, advise the defendants, file appropriate pretrial motions, engage in informed plea discussions with the Government, or prepare the case for trial if necessary. A limited ends-of-justice continuance will not subvert the public's or the defendants' interests in the prompt prosecution of this case.

## CONCLUSION

Based on the relevant record considered as a whole, I **FIND** that:

Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c)(1) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

Even taking into account the exercise of due diligence, failure to grant the requested continuance would deny counsel for the defendants the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

The ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

150 days should be excluded from the computation of the Speedy Trial Act time.

For the foregoing reasons,[1] it is **ORDERED** that:

The defendants' Joint Unopposed Motion for an Ends of Justice Continuance of Trial and Related Dates, **Doc. 39**, is **GRANTED**;

150 days, from October 7, 2024 to March 6, 2025, will be excluded from the computation of the Speedy Trial Act time;

The seven-day jury trial set for November 12, 2024 is **VACATED** and **RESET** to commence at **9:00 a.m.** on **April 7, 2025** in Courtroom A1002 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294. Counsel and pro se parties must be present at 8:30 a.m. on the first day of trial;

---

[1]   As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the Court's calendar or lack of diligent preparation by the Government's counsel.

The Trial Preparation Conference set for November 5, 2024 is **VACATED** and **RESET** to **1:30 p.m.** on **April 2, 2025** in Courtroom A1002; and

The pretrial motions deadline is extended to **February 27, 2025**, responses to those motions must be filed no later than **March 6, 2025**, and no replies are permitted without prior leave of the Court. The deadlines for disclosing and challenging expert witnesses, filing any notice of disposition, filing and responding to motions *in limine*, filing proposed jury instructions and verdict forms, filing trial briefs, filing witness and exhibit lists, and filing proposed *voir dire* questions remain as stated in the Order Setting Trial Date and Related Deadlines, Doc. 15, and are now tied to the new trial and Trial Preparation Conference dates.

DATED: September 26, 2024      BY THE COURT:

_____
Daniel D. Domenico
United States District Judge